IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LABARGE, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1C (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first through fifth sentences of paragraph 4 to the extent supported by the contract and specifications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first through fifth sentences of paragraph 4; avers that the C-1 machine predated the C-2 machine and remains in use today; further avers that the C-2 machine was not a replacement for the C-1 machine but was an alternate source of

supply. Denies the allegations contained in the sixth sentence of paragraph 4. Admits the allegations contained in the seventh sentence of paragraph 4.

5. Admits the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 6. Admits the allegation contained in the second sentence of paragraph 6 that approval for the C-2 production was provided in June, 1992; otherwise, denies the allegations contained in the second sentence of paragraph 6.

7. Admits the allegations contained in paragraph 7.

8. Admits the allegations contained in the first and second sentences of paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first and second sentences of paragraph 8. Admits the allegations contained in the third and fourth sentences of paragraph 8.

9. Admits the allegations contained in the first two sentences of paragraph 9. Admits the allegation contained in the third sentence of paragraph 9 that the LOC submitted the C-2 units to testing by outside laboratories and that the laboratories determined that the units could pose a shock and fire hazard; otherwise, denies the allegations contained in the third sentence of paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the cited notice, which is the best evidence of its contents;

otherwise, denies the allegations contained in the first sentence of paragraph 10. Admits the allegation contained in the second sentence of paragraph 10 that, because of safety concerns, no prior notice of the recall was provided to LaBarge; otherwise, denies the remaining allegations contained in the second sentence of paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Denies the allegations contained in the first sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second sentence of paragraph 12 to the extent supported by the written request cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 12. Admits the allegation contained in the third sentence of paragraph 12 that LaBarge was provided with copies of the testing reports; denies the remaining allegations contained in the third sentence of paragraph 12.

13. Denies the allegations contained in the first sentence of paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second sentence of paragraph 13 to the extent supported by the cited summary report, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 13.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second through sixth sentences of paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the written request and response cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16, including subparagraphs 16(a) through paragraph 16(h), to the extent supported by the cited response, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

18. Admits the allegations contained in the first sentence of paragraph 18. Admits the allegations contained in the second sentence of paragraph 18 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 19.

20. Defendant incorporates by reference its responses to paragraphs 4 through 19.

21. Admits the allegations contained in paragraph 21 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Plaintiff's complaint contains no paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

Denies that plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 24, or to any relief whatsoever.

25. Defendant incorporates by reference its responses to paragraphs 4 through 19.

26. Admits the allegations contained in paragraph 26 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

Denies that plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 28, or to any relief whatsoever.

29. Defendant incorporates by reference its responses to paragraphs 4 through 19.

30. Admits the allegations contained in paragraph 30 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 30.

31. The paragraph following plaintiff's paragraph 30 is erroneously numbered "29." Defendant will treat this paragraph as paragraph 31. Denies the allegations contained in paragraph 31.

Denies that plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 31, or to any relief whatsoever.

32. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENDANT'S COUNTERCLAIM

33. Defendant's counterclaims arise pursuant to the Tucker Act, 28 U.S.C. § 1491, and the common law. The standard of review is pursuant to the Wunderlich Act, 28 U.S.C. § 321.

34. This Court possesses jurisdiction pursuant to 28 U.S.C. § 1491.

35. Upon information and belief, plaintiff, LaBarge, Inc. ("LaBarge"), is a Delaware corporation with its principal place of business in Missouri.

36. On or about February 17, 1987, the Library of Congress ("LoC") awarded Contract H70015 ("the contract") to LaBarge. The contract required LaBarge to design a "talking book" audio-tape playback machine and to

manufacture approximately 28,000 copies of the machine. The quantity was subsequently reduced to approximately 11,000. The machine was designated as "C-2." The playback machines are for the use of blind and physically handicapped users of the LoC to assist them in reading books and other materials.

37. The value of the contract was approximately $2.6 million. Relevant portions of the contract, with the integral performance specifications, are attached as Exhibits 1 and 2 to LaBarge's complaint.

38. The contract required all C-2 machines to satisfy testing, inspection, and approval requirements set forth in the contract. The contract also required the C-2 machine to be tested, approved, and listed by the Underwriters Laboratory ("UL") prior to release for production.

39. The contract further required LaBarge to provide warranty service for any C-2 unit returned for malfunctions for a period of five years after shipment of the last unit. Pursuant to the contract, the repair costs for defects and normal wear were to be absorbed by LaBarge. The repair costs associated with customer abuse and/or missing parts were to be absorbed by LoC.

40. To perform the warranty repairs, LaBarge maintained a repair facility in Huntsville, Arkansas. Over a period of five years, the LoC sent hundreds of units requiring repair to this facility. Prior to performing the necessary repairs, LaBarge personnel inspected the units to make a determination as to whether the repairs were covered by the contractual warranty. The repair activities were subject to periodic inspections by LoC personnel.

41. In late 1992, LaBarge began production of the C-2 units and completed delivery of all units in early September 1996. The LoC paid LaBarge the contract rate for all units delivered.

42. In October 1999, an LoC inspector at the LaBarge repair facility discovered two returned C-2 machines with holes burned into the plastic bottoms of the units. Prior to the LoC's inspection, the machines had been designated by LaBarge personnel as "customer abuse" units and, thus, not subject to warranty repairs.

43. The LoC subjected these two machines to testing by independent testing laboratories, Seal Corporation ("Seal") and Met Labs, to determine whether the C-2 machines, in general, posed a safety hazard to their intended users, i.e., the blind and physically handicapped. In written reports provided to LaBarge, the independent laboratories determined that the C-2 machines posed safety hazards to the intended users.

44. The report issued by Seal made the following recommendations to mitigate the inherent hazards of the C-2 machines: (a) fuse the input power source; (b) move the transformer to another location in the unit; (c) increase available air circulation; and (d) equip the units with a polarized plug. LaBarge offered to implement recommendations (a) and (d), but refused to implement recommendations (b) and (c) upon the grounds of impossibility. The Seal report confirmed the conclusions reached by Met Labs in its report issued before the recall by LoC.

45. In addition to the testing conducted by the independent laboratories, the LoC directed its engineering section to perform tests of other undamaged C-2 machines that would replicate realistic operating conditions for the machines in their intended environment. The test conducted by the engineering section was to jam the machine, simulating failure of the automatic shut off mechanism, and to place the machine between bedroom pillows for a period of approximately eight hours or on top of a bedroom pillow for approximately 16 hours. This test re-created a realistic scenario for the machines' intended users, who often use the machines while in bed or upon furniture with soft fabric, such as upon a sofa.

46. As a result of this test, holes were burned completely through the machines, creating a fire hazard for any materials surrounding the units, such as bedding and pillows. In addition, the holes created shock hazards, particularly for blind patrons handling the units.

47. Based upon these results, and the results of independent testing, the LoC determined that the C-2 contained latent design defects that rendered the machines a fire and shock hazard for blind and physically handicapped users, and recalled all of the machines.

48. The latent defects in the C-2 machines violated the performance specifications of the contract and were not reasonably detectable at the time the LoC accepted and paid for the machines. Because of the latent defects of the C-2 machines, the machines are not safe for use by their intended users and cannot be

used or reasonably repaired by the LoC. LaBarge's failure to design a safe C-2 machine is a breach of the contract.

49. As a result of LaBarge's breach of the contract, the LoC has incurred damages in the amount of $1,807,993 for the loss of the use of the machines, the storage of the recalled machines, the testing of the machines, and other costs related to the testing and storage of the machines.

50. On March 19, 2004, the LoC contracting officer issued a final decision regarding the LoC's claim against LaBarge in the amount of $1,807,993, plus interest. A copy of the contracting officer's decision is attached to LaBarge's complaint as Exhibit 3.

51. As a direct result of LaBarge's actions, the United States has sustained damages in the amount of $1,807,993, plus interest, and the Government is entitled to judgment in that amount.

WHEREFORE, defendant requests the Court to grant judgment in the United States' favor and dismiss the complaint, and to grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

/s/Gregory T. Jaeger

GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

April 18, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 18, 2005, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory T. Jaeger