IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LABARGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PRELIMINARY STATUS REPORT

Pursuant to Section III, Appendix A, of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, requests leave to submit this preliminary status report in lieu of the joint preliminary status report required by Appendix A. Because of last-minute, unanticipated scheduling difficulties, the parties have been unable to coordinate a joint electronic filing by the current July 25, 2005 deadline. Rather than request an enlargement of the current deadline, however, the parties have agreed, with the Court's permission, to file separate preliminary status reports. The separate reports differ only in that they provide each party's respective statements of relevant facts and issues.

With the Court's permission, therefore, defendant respectfully reports as follows:

a. Jurisdiction: Plaintiff, LaBarge, Inc. ("LaBarge"), believes that the Court possesses jurisdiction to entertain its lawsuit. Defendant has identified no reason to question the Court's jurisdiction at this time.

b. Consolidation: The parties believe that this case need not be consolidated with any other case.

c. Bifurcation: At present, the parties believe that bifurcation is unnecessary. The parties recognize that, depending upon the liability issues that present themselves for trial, bifurcation may become appropriate at a later time.

d. Deferral: The parties do not believe that further proceedings in this action should be deferred pending consideration of another case before this Court, or any other tribunal.

e. Remand/Suspension: The parties do not intend to request a remand or a suspension in this case.

f. Additional Parties: The parties do not anticipate joining any additional parties to this lawsuit.

g. Dispositive Motions: LaBarge intends to file a dispositive motion pursuant to RCFC 56 at the close of discovery. At present, the Government is not in a position to determine whether it will file a dispositive motion, but will consider such a motion after discovery, if the evidence warrants.

h. Relevant Factual and Legal Issues:

This case involves a recall by the Library of Congress ("LOC") of cassette players produced by LaBarge pursuant to contract H70015 ("the contract"), entered into on or about February 17, 1987. The cassette players were to be used by blind and physically handicapped patrons of the LOC's National Library Service for the Blind and Physically Handicapped ("NLS/BPH") to listen to audio books and other recorded media materials.

LaBarge produced more than 11,000 cassette players pursuant to the contract. The expected useful life of the machines was 144 months. In addition to the production and delivery of the cassette players, the contract required LaBarge to perform warranty repairs upon the machines at its facility in Arkansas. The LOC accepted the final lot of cassette players in August, 1996 and issued final payment for the units in approximately October, 1996. The LOC paid in excess of $2.6 million for the cassette players.

In October, 1999, the LOC discovered that the cassette players contained latent defects that posed a potential burn and shock hazard to its patrons. Specifically, the LOC discovered that three cassette units returned by patrons had burned holes in their plastic shells. The LOC made this discovery while inspecting units that had been returned to LaBarge's repair facility in Arkansas. In response

to this discovery, and based upon formal testing, the LOC determined that the machines posed a general shock and burn hazard to its blind and handicapped patrons.[1] As a result, the LOC ordered a safety recall of all units in July, 2000.

The LOC issued a show cause letter to LaBarge on May 14, 2001 in connection with the latent defects and the recall proposing corrective measures. LaBarge countered by proposing to perform certain of the corrective measures, but rejecting the others. On March 19, 2004, the LOC rejected LaBarge's settlement proposal and demanded that LaBarge pay the LOC $1,807,993 for damages related to the defective cassette players. This amount represents, among other items, the unused value of the contract, i.e., the units were used for only 56 months out of their useful life of 144 months.

In response to the LOC's claim, LaBarge submitted its own claim for excess storage costs for the cassette players and the costs of non-warranty repairs performed by the company. By letter dated September 14, 2004, the LOC rejected this claim. LaBarge then filed this suit in January, 2005, seeking $16,200 in storage costs and $21,424.84 in payment for non-warranty repairs. The complaint

---

[1] The LOC engaged two outside laboratories to test the units: Met Labs, Inc., which examined the units prior to the recall, and Seal Corporation, which examined the units after the recall. The NLS/BPH staff also tested the units prior to the recall. All three testers concluded that the units were defective and required corrective measures.

also challenges the LOC's demand for $1,807,993. The LOC has asserted its claim for $1,807,993 as a counterclaim in this action.

Thus, the legal issues are:

1. Whether the LOC's decision to recall the cassette players was proper based upon the latent defects contained in the cassette players.

2. Whether the LOC sustained recoverable damages in the amount of $1,807,993 as the result of the recall necessitated by the latent defects contained in the cassette players.

3. Whether the LOC is liable for LaBarge's claim for $16,200 in storage costs for the machines and/or $21,424.84 in payment for non-warranty repairs.

i. Settlement/ADR: The parties have discussed settlement, and intend to continue informal discussions as the litigation proceeds. At this time, however, the parties cannot state whether settlement is likely, or whether ADR is appropriate.

j. Trial Status: At present, if the case cannot be resolved by dispositive motions or settlement, the parties intend to proceed to trial. Neither party requests expedited trial scheduling.

k. Electronic Case Management: At this time, the parties are aware of no special issues regarding electronic case management needs.

l. Additional Information: LaBarge contends that it is entitled to trial de novo by this Court. Without conceding this issue, the Government is aware of no reason to contest this assertion at this time. The parties are aware of no other information of which the Court should be aware at this time.

Proposed Discovery Plan

The parties propose the following discovery schedule:

| | |
|---|---|
| Initial Disclosures Pursuant to RCFC 26(a)(1) | September 6, 2005 |
| Designation of Experts and Submission of Reports | April 8, 2006 |
| Designation of Rebuttal Experts/Reports | June 8, 2006 |
| Close of all Discovery | September 6, 2006 |
| Dispositive Motions | November 6, 2006 |
| Pre-Trial Conference | January 17, 2007 |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

/s/Gregory T. Jaeger

GREGORY T. JAEGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 353-7955

July 25, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 25, 2005, a copy of the foregoing "DEFENDANT'S PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Gregory T. Jaeger